IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | 4:11CR3066 |
| vs. | ) | |
| | ) | **AMENDED PRELIMINARY** |
| GREGORY A. ANDERSON, | ) | **ORDER OF FORFEITURE** |
| | ) | |
| Defendant. | ) | |

NOW ON THIS 5th day of December, 2011, this matter comes on before the Court upon the United States' Motion for Issuance of an Amended Preliminary Order of Forfeiture (Filing No. 41). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Plaintiff informs the Court a mistake was made in documenting the amount of money seized from the Defendant, Gregory A. Anderson. Rather than $910.00, the amount set forth in the Forfeiture Allegation of the Indictment and in the Preliminary Order of Forfeiture, the amount actually seized from Mr. Anderson was $810.00.

2. The United States' Motion to Amend Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. The United States' Motion to Amend Preliminary Order of Forfeiture is hereby sustained.

B. The Defendant's interest in the $810.00 in United States Currency is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

C. The aforementioned property is to be held by the United States in its secure custody and control.

D. Pursuant to 21 U.S.C., § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official internet government forfeiture site ([www.forfeiture.gov](www.forfeiture.gov)) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject property must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

E. Said published notice shall state the Petition referred to in Paragraph D, above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject property and any additional facts supporting the Petitioner's claim and the relief sought.

F. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property subject to this Order as a substitute for published notice as to those persons so notified.

G. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

ORDERED this 5th day of December, 2011.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge